**DERRY FINANCE N.V., a Netherlands Antilles corporation, Plaintiff,**

v.

**The CHRISTIANA COMPANIES, INC., a Delaware corporation, Defendant.**

Civ. A. No. 82–412.

United States District Court, D. Delaware.

Feb. 9, 1983.

Lawrence C. Ashby of Ashby, McKelvie & Geddes, Wilmington, Del., and Jerry J. Strochlic of Sage Gray Todd & Sims, New York City, of counsel, for plaintiff.

R. Franklin Balotti of Richards, Layton & Finger, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

This diversity action has been brought by Derry Finance N.V. ("Derry"), a Netherlands Antilles corporation with its principal place of business in Curacao, Netherlands Antilles, seeking to recover payment on six promissory notes executed by The Christiana Companies, Inc. ("Christiana"), a Delaware corporation with its principal place of business in San Diego, California. Christiana has moved, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Southern District of California ("the California Court").

The promissory notes in question are part of a series of business transactions involving the sale and leaseback of commercial jetliners. The amended complaint alleges that on or about December 31, 1979, Christiana executed and delivered to Aark Enterprises ("Aark"), a New York partnership, six promissory notes totalling $4,720,000.[1] Each note is fully transferable, requires the Payor (Christiana) to pay all costs of enforcement and collection if the note is not promptly paid when due, and becomes due and payable both as to principal and interest if the Payor fails to pay the note or its interest when due.[2] (Docket Item ["D.I."] 7, at 2–3.) Subsequently, Aark assigned and fully endorsed each note to Derry. Derry contends that on July 15, 1981, two of the notes became due and payable, but that Christiana did not pay any of the amounts due. Thus, Derry avers, Christiana's failure to make the July 15, 1981 payments resulted in the full amounts of the notes (including interest) becoming due.[3]

---

1. The amounts of the six notes are: 2 notes for $515,000; 2 notes for $485,000; and 2 notes for $1,360,000.

2. The Notes further provide that if the Payor does not promptly pay the amount due, it will also be liable for the reasonable attorney's fees for enforcing and collecting on the Note. (D.I. 7, at 2.)

3. Derry contends that the notes provide for an interest rate of 13½% per annum.

Christiana contends that this case should be transferred to California for the following reasons. Aside from Christiana being incorporated in Delaware, it has no other connection with Delaware; the underlying transactions and the parties have no connection with Delaware; the underlying transaction arose out of acts in California; the California Court will be more convenient for Christiana, but will not impose any additional inconvenience upon Derry; California is a more convenient forum for its witnesses; and there is no countervailing reason in the interest of justice to prevent transfer.

Derry disagrees, contending that it is far more convenient for its party witnesses, all of whom reside in Bermuda, to travel to Delaware rather than to California; its nonparty witnesses, who are located in New York, will find it is a far more convenient forum; the underlying agreements have choice-of-law clauses that designate New York law as being applicable; and the bulk of Christiana's documents are located in Chicago.

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ In order to transfer a case, the transferee court must be a district where the case "might have been brought." *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964); *Phillips Petroleum Co. v. Federal Energy Administration,* 435 F.Supp. 1234, 1236 (D.Del.1977). This case could have been brought in the California Court because Christiana has its principal place of business in California. It is, therefore, subject to the personal jurisdiction of that court and venue would be proper under 28 U.S.C. § 1391(a).

■ The motion to transfer imposes upon the moving party the burden of establishing that the case should be transferred and it is important that the plaintiff's choice of forum be accorded grave weight. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.

1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). This importance, however, decreases when the plaintiff sues in a district that is not its "home turf" nor connected with the subject matter of the litigation. *Pall Corp. v. Bentley Laboratories, Inc.,* 523 F.Supp. 450 (D.Del.1981).

■ The Court must assess three factors in determining whether the motion to transfer will be granted: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *See Gulf Oil v. Gilbert,* 330 U.S. 501, 507–09, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947); *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 968 (9th Cir.1978).

■ The first factor to be considered is the convenience of the parties. Christiana contends that the California Court is the most convenient forum for the parties since Christiana's principal place of business is in California. Moreover, Christiana avers, since Derry is located in Curacao and its directors and officers are located in Bermuda, they will have to travel regardless of which forum is selected. Christiana recognizes the differential in travel cost for Derry's directors between Delaware and California and therefore offered at oral argument on this motion to pay the cost differential for travel to California. Derry, however, contends that the inconvenience to it of having this case tried in California extends beyond the travel cost; more specifically, Derry notes, none of its directors travel to California on business and one of its managing directors is in poor health.

Derry, however, relies more upon the inconvenience that transfer would place upon its witnesses as a basis for denying Christiana's motion. In this respect, Derry points out that at trial it would rely upon the testimony of officers of Aark and AIG 737–I, Inc. ("AIG"), a New Jersey corporation with its principal place of business in New Jersey. Both Aark and AIG were involved in the transactions underlying the notes and Derry argues that the testimony of their officers will be critical at trial in order to establish that there were no defaults on

performance of the underlying transactions, which, if such defaults did occur, would excuse Christiana's payment on the notes. Derry states that all these witnesses are located in New York or New Jersey and are therefore not subject to the California Court's service of process. Most importantly, Derry points to the fact that the Chief Executive Officer of Aark and the President of AIG, both of whom are important witnesses for Derry, have stated that they "would be willing to testify in Delaware at the trial of this action, but that it would be exceptionally inconvenient, time consuming and unnecessarily expensive for them to travel to California to testify at the trial of this action, and they would not be inclined to do so." (D.I. 18, at 2–3.)

Christiana counters, noting that since two of its key witnesses are former officers of Christiana who live in California and thus would not be subject to process from the Delaware Court, it could not be guaranteed that they would be willing to come to Delaware to testify.

Thus, this case exemplifies a problem that the federal courts face in many diversity cases; namely, that one party will be inconvenienced by the choice of forum. In the easier case, one forum is clearly more convenient for both parties than the other. Here, however, Delaware is more convenient for the plaintiff, while California is more convenient for the defendant. Thus, the effect of transfer would not decrease the inconvenience but merely transfer it from the defendant to the plaintiff. Under such circumstances, the case should not be transferred. As one court noted, "where a transfer would merely shift the inconvenience from one party to the other or where after balancing all the factors, the equities lean but slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed." *De Luxe Game Corp. v. Wonder Products Co.,* 166 F.Supp. 56, 61 (S.D.N.Y.1958) (citations omitted).

The Court therefore finds that on the facts presented, transfer of this case would not better serve to convenience the parties or witnesses.

The final and most important factor to be considered is whether transfer would be in the interest of justice. *Cinema Amusements, Inc. v. Loew's Inc.,* 85 F.Supp. 319, 326 (D.Del.1949). Thus, although this Court has determined already that it would not be more convenient for the parties and witnesses to transfer the action, this case may still be transferred if it is in the interest of justice. Christiana contends that it is the interest of justice to transfer this case primarily because it will be unable to compel some of its witnesses to testify if trial is held in Delaware. While the Court recognizes that trial in Delaware would make it difficult for Christiana to present some of its witnesses at trial, the Court finds, in its discretion, that on the facts presented Christiana's argument does not compel transfer. It is an unfortunate circumstance that in diversity cases where the parties are separated by some distance, one side is going to be inconvenienced. Here, for instance, the plaintiff, its witnesses and its documents are all located on the East Coast and Bermuda. The defendant, its witnesses and its documents are located on the West Coast. Thus, since the Court is left solely with the choice of shifting the case from an east coast forum to a west coast forum, the effect would be simply to shift the inconvenience from the defendant to the plaintiff. If the only effect of transfer is to shift the inconvenience, then the motion to transfer should be denied.

In support of its position, Christiana relies upon two cases, *Sun Oil Co. of Pennsylvania v. OKC Corp.,* C.A. 81–166 (D.Del. Nov. 16, 1982), and *Jackson Jordan, Inc. v. Plasser American Corp.,* C.A. 82–459 (D.Del. Oct. 22, 1982).

In *Sun Oil,* the plaintiff, a Pennsylvania corporation with its principal place of business in Philadelphia, brought a diversity suit for breach of contract against a Delaware corporation with its principal place of business in Texas. This Court granted the defendant's motion to transfer the case to the Northern District of Texas because the bulk of the transactions occurred in the Southwest, most of the witnesses for both

sides were residing in the area, and the defendant had filed for dissolution, thus casting doubt on whether it could continue to defend the litigation in a distant forum. In the instant case, however, Christiana is not in dissolution. Moreover, the record before this Court fails to establish that the transactions underlying the promissory notes occurred primarily in California. Christiana contends that these transactions did occur in California; Derry argues that they occurred primarily on the East Coast. More importantly, *Sun Oil* can be distinguished from the present case because in *Sun Oil*, the key witnesses for both sides were all located near the transferee forum. Thus, *Sun Oil* fails to serve as support for the defendant's motion.

Likewise, the *Jackson Jordan* case fails to aid the defendants. In that case the defendant's only connection with Delaware was that this was its state of incorporation. All of the plaintiff's witnesses were located in Chicago and all but one of the defendant's witnesses were located in Norfolk, Virginia. The court granted the defendant's motion to transfer the case to the district court in Norfolk on the ground that the Norfolk court was a more convenient forum for the defendant and would not be any more inconvenient for the plaintiff and its witnesses since the difference in cost and travel time from Chicago to Norfolk instead of Chicago to Wilmington was minimal. This is distinguishable from the instant case, where the travel differential in terms of cost and time between Wilmington and San Diego is significant and if the transfer were granted, would result in a much greater inconvenience to the plaintiff and its witnesses.

For the above stated reasons, defendant's motion to transfer this case to the Southern District of California will be denied and an order will be so entered.