**SCHWARZKOPF TECHNOLOGIES CORPORATION, Plaintiff,**

v.

**INGERSOLL CUTTING TOOL COMPANY, Defendant.**

Civ. A. No. 91–464–JJF.

United States District Court, D. Delaware.

March 3, 1992.

Robert H. Richards, III, of Richards Layton & Finger, Wilmington, DE. David H. Pfeffer, and Michael A. Nicodema, of Morgan & Finnegan, New York City, for plaintiff.

F.L. Peter Stone, of Connolly Bove Lodge & Hutz, Wilmington, DE. John F. Flannery, and James J. Hamill, of Fitch Even Tabin & Flannery, Chicago, IL, for defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

### INTRODUCTION

Pending before the Court is Defendant Ingersoll Cutting Tool Company's Motion to

Transfer to the United States District Court for the Northern District of Illinois. In addition, Plaintiff Schwarzkopf Technologies Corporation (Schwarzkopf) has filed a Motion to Strike Defendant's Inequitable Conduct Defenses and Defendant Ingersoll Cutting Tool Company (Ingersoll) has filed a Motion to File Supplemental Affirmative Defenses. All motions have been fully briefed. For the reasons stated below, the Court will deny Defendant's Motion to Transfer, grant Defendant's Motion to File Supplemental Affirmative Defenses, and deny Plaintiff's Motion to Strike Defendant's Inequitable Conduct Defenses.

## FACTUAL BACKGROUND

On August 26, 1991, Schwarzkopf filed this patent infringement action against Ingersoll. The patents in suit relate to a coating designed to improve certain industrial tools. Schwarzkopf alleges that the coating used by Ingersoll on its cutting inserts infringes its patents.

Schwarzkopf is a Maryland corporation engaged in the import and manufacture of refractory metal products and the licensing of the "703" and "338" patents in suit. Schwarzkopf's principal place of business is located in New York City where it employs seven people. Schwarzkopf also maintains a manufacturing facility for its refractory metals in Holliston, Massachusetts.

Schwarzkopf claims that its business operations relevant to the suit are handled almost exclusively by four people: Messrs. Altman, Michaelson, Rutter, and Ms. Teichner. Each of these people reside in the greater New York metropolitan area. Further, Schwarzkopf alleges that the business records relating to the patents in suit are kept in its New York office or at its trial counsel's offices in New York.

Defendant Ingersoll is a Delaware corporation employing about 450 people. Ingersoll's headquarters are in Rockford, Illinois. Ingersoll manufactures cutting tools and cutting inserts at the Rockford headquarters. Ingersoll claims that all of its employees involved in the manufacture of coated inserts and the maintenance of records of their manufacture and sale are located in the Rockford region. Ingersoll names nine potential witnesses, all residing in the Rockford region.

## DISCUSSION

### A. *Ingersoll's Motion to Transfer*

#### 1. Defendant's argument

■ Defendant argues that transfer is appropriate pursuant to Section 1404(a) of Title 28 of the United States Code because the action could have been brought in Illinois, the activities in controversy occurred there, and Ingersoll has a regular and established place of business there. Further, Defendant argues that its witnesses live in Illinois and would be inconvenienced by a trial in Delaware. Specifically, Defendant claims that two witnesses, no longer employed by Ingersoll, live in Rockford and could only be compelled to testify in Rockford. Defendant also asserts that the case could probably be tried sooner in Illinois based on the 1990 Federal Court Management Statistics.

#### 2. Section 1404(a)

Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

As a threshold issue, the Court must determine if the action "might have been brought" in the transferee district (i.e. Illinois). If the Court finds that Illinois would have been a proper forum then the Court must weigh the factors provided in Section 1404(a) to determine if transfer is proper. The Court of Appeals for the Third Circuit has consistently upheld the notion that the party moving for transfer bears the burden of proof. *Shutte v. Armco Steel Corp.*, 431 F.2d 22; *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir.1973).

■ Although the Court will weigh the Section 1404(a) factors, "plaintiff's choice of a proper forum is a paramount consideration," and "should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25

(3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). "[U]nless the balance of conveniences of the parties is **strongly** in favor of defendant, the plaintiff's choice of forum should prevail." *Id.* (citations omitted).

■ A defendant's burden of proving that the balance strongly favors transfer has been considered less onerous if a plaintiff brings suit in a court not considered the plaintiff's "home turf" and the forum has no connection with the underlying dispute. *Kirschner Bros. Oil, Inc. v. Pannill,* 697 F.Supp. 804, 806 (D.Del.1988). "Home turf" refers to "the forum closest to the [plaintiff's] home in which [the plaintiff] could effect personal service over the principal defendant." *Id.* (*quoting, Mayer v. Development Corp. of America,* 396 F.Supp. 917, 929 n. 26 (D.Del.1975)). Thus, a court may only acknowledge the convenience to the plaintiff, by giving deference to his choice of a forum, if a plaintiff has selected its "home turf" or has selected a forum with significant connection to the acts in controversy. *Id.* (citations omitted).

The Court finds that this action could have been brought in Illinois. Defendant Ingersoll's principal place of business is Rockford, Illinois and the Court finds that Illinois would have been proper with respect to both personal jurisdiction and venue.

The Court also finds that Plaintiff has selected its "home turf" as the forum for this litigation. Delaware is the closest forum to Schwarzkopf's home, in which it could effect service upon Ingersoll. Since Plaintiff has brought this lawsuit on its home turf, the Court must determine if Defendant has shown that the balance of conveniences under Section 1404 weigh "strongly" in favor of transfer.

### (a) Convenience of parties

First, the Court will consider whether the convenience of the parties weighs in favor of transfer. Plaintiff argues that Delaware is a more convenient location for trial because its principal place of business is located in New York and travel to Delaware would be less burdensome than travel to Illinois.

Defendant contends that trial in Delaware would be inconvenient for it, because its headquarters are in Illinois and the activities in controversy occurred in Illinois.

■ Transfer is inappropriate when it would merely shift the burden from the defendant to the plaintiff. *Derry Finance N.V. v. Christiana Companies, Inc.,* 555 F.Supp. 1043, 1046 (D.Del.1983) (citations omitted). The Court finds that transfer to Illinois would merely shift any inconvenience from Defendant to Plaintiff, and thus, the Court concludes that the convenience of the parties does not strongly weigh in favor of transfer.

### (b) Convenience of witnesses

Next, the Court will address the convenience of the witnesses. Plaintiff claims that its potential witnesses live in New York City and that they play a vital role in the day-to-day operations of the corporation. Therefore, Plaintiff contends trial in Delaware would be considerably more convenient than a trial in Illinois.

Defendant claims that it has nine potential witnesses, all residents of the Rockford, Illinois region. Defendant claims that two of the witnesses may not testify voluntarily because they are no longer employed by Defendant. Defendant has argued that compulsory process is unavailable in Delaware for two of its former employees, however Ingersoll has not substantiated its claim that these people would not testify voluntarily. *Id.* Without some explanation of the nature and reasons for the unwillingness of Ingersoll's former employees to testify, the Court is unable to give much weight to this issue.

The Court finds that the convenience of the witnesses generally does not strongly favor transfer to Illinois.

### (c) Interests of justice

Finally, the Court may determine that the interests of justice warrant transfer by considering certain factors: judicial economy, cost to the parties, access to proof, and the subpoena power of the court. *Willemijn Houdstermaatschaapij Bv v. Apollo Computer Inc.,* 707 F.Supp. 1429, 1438 (D.Del.1989).

The Court finds that judicial economy does not warrant transfer of the instant case. As a pilot district under the Civil Justice Reform

Act of 1990, this Court attempts to dispose of civil cases in less than one year. Thus, this matter may be resolved quickly in either Delaware or Illinois.

The Court finds that Ingersoll has not alleged that the cost of litigating this case in Delaware will exceed the costs of litigation in Illinois to a degree significant enough to warrant transfer. Legal fees will be significant to both parties wherever the case is tried. Further, "the cost of trial and accommodations for the parties and counsel is not a particularly important factor in weighing litigation costs." *Willemijn*, 707 F.Supp. at 1438 (citing *Magee v. Essex–Tec Corp.*, 704 F.Supp. 543, 550 (D.Del.1988)). The Court finds that no aggregate savings will arise from transfer, and any savings to Ingersoll resulting from a trial in Illinois would merely cause Schwarzkopf to incur additional costs.

The Court concludes that transfer of this matter to Illinois is inappropriate. Thus, the Court will consider the other motions pending before the Court.

## A. Schwarzkopf's Motion to Strike Defendant's Inequitable Conduct Defenses

### 1. The Parties' Arguments

■ Defendant has asserted the following affirmative defenses alleging inequitable conduct:

#### FOURTH AFFIRMATIVE DEFENSE

14. The '703 patent is unenforceable because upon information and belief, misrepresentation of facts were made and/or relevant information was intentionally withheld by the assignee, the patentee, and/or the attorney who prosecuted the application for the '703 patent in proceedings in the United States Patent and Trademark Office during prosecution of the application of the '703 patent and in the reexamination in order to induce the grant of the '703 patent and the reexamination certificate.

#### FIFTH AFFIRMATIVE DEFENSE

15. The '338 patent is unenforceable because, upon information and belief, misrepresentation of facts were made and/or relevant information was intentionally withheld by the assignee, the patentee, and/or the attorney who prosecuted the application for the '338 patent in proceedings in the United States Patent and Trademark Office during prosecution of the application for '338 patent and in the reexamination in order to induce the grant of the '338 patent and the reexamination certificate.

#### SIXTH AFFIRMATIVE DEFENSE

16. The '703 patent is unenforceable, upon information and belief, because of wrongful or inequitable conduct of Schwarzkopf in acquisition, exploitation or enforcement of the patent.

#### SEVENTH AFFIRMATIVE DEFENSE

17. The '338 patent is unenforceable, upon information and belief, because of wrongful or inequitable conduct of Schwarzkopf in acquisition, exploitation or enforcement of the patent.

Plaintiff requests the Court to strike Defendant's Inequitable Conduct Defenses, as stated in Paragraphs 4–7 of Defendant's Answer on the grounds that the defenses fail to comply with the requirement under Rule 9(b) that a party plead fraud with particularity.

Defendant has responded to Plaintiff's Motion to Strike by offering to file supplemental affirmative defenses which further specify its claims, while still maintaining that the original pleadings sufficiently meet the requirements of Rule 8(a), as well as the Rule 9(b) standard. Plaintiff argues that the Court should deny Defendant's Motion to file Supplemental Affirmative Defenses because Ingersoll's claim that Schwarzkopf intentionally withheld a German patent from the patent office is based on "no direct knowledge" nor "well grounded in fact" as required by Rule 11.

### 2. Analysis
#### (a) Federal Rule of Civil Procedure 12(f)

The Court may grant a motion to strike pursuant to Rule 12(f) when a pleading con-

**154**

tains "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Such motions are not favored, "unless the presence of the surplusage will prejudice the adverse party." *Puma v. Marriott,* 294 F.Supp. 1116, 1122 (D.Del.1969); *Lunsford v. United States,* 570 F.2d 221 (8th Cir.1977). The Court will consider the pleading requirements of Federal Rule of Civil Procedure 8(a) and Federal Rule of Civil Procedure 9(b) to determine if whether it is appropriate to strike Defendant's Affirmative Defenses.

**(b) Federal Rule of Civil Procedure 9(b)**

Although Federal Rule of Civil Procedure 8(a) merely requires notice pleading, Federal Rule of Civil Procedure 9(b) provides "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Rule 9(b) and Rule 8(a) operate in conjunction with another in that Rule 9(b) tightens the pleading requirements for cases of fraud. *U.S. v. F.A.G. Bearings,* 615 F.Supp. 562 (1984).

The Court of Appeals for the Federal Circuit has not ruled on the issue of whether the Rule 9(b) requirements apply to inequitable conduct claims in patent cases. Other circuits are split on whether a charge of inequitable conduct is subject to the requirements of Rule 9(b). *See Northern Engineering & Plastics Corp. v. Blackhawk Molding Co.,* 205 U.S.P.Q. 609, 610 (N.D.Ill.1979); *Essex International, Inc. v. Industra Products, Inc.,* 64 F.R.D. 361, 363 (N.D.Ind.1974).

In the instant case, Defendant has responded to Plaintiff's Motion to Strike by submitting supplemented pleadings, which specify the name of the German patent which Schwarzkopf allegedly failed to disclose. The Court finds that the supplemental pleadings sufficiently notify Plaintiff of Defendant's inequitable conduct claims and that Plaintiff will not be prejudiced by these pleadings. Therefore, the Court will deny Plaintiff's Motion to Strike and grant Defendant's Motion to File Supplemental Affirmative Defenses.

**CONCLUSION**

For the reasons discussed, the Court will deny Defendant's Motion to Transfer, deny Plaintiff's Motion to Strike and grant Defendant's Motion to File Supplemental Affirmative Defenses.

An appropriate Order will be issued.