**In re ML–LEE ACQUISITION FUND II, L.P. and ML–Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litigation.**

Civ. A. No. 92–60–JJF.

United States District Court, D. Delaware.

March 31, 1993.

Pamela S. Tikellis, Carolyn D. Mack, James C. Strum, and Robert J. Kriner, Jr., of Greenfield & Chimicles, Wilmington, DE, Michael J. Freed, and Carol V. Gilden, of Much Shelist Freed Denenberg & Ament, Chicago, IL, William J. French, and Robert L. Gegios, of Gibbs Roper Loots & Williams, Milwaukee, WI, James S. Youngblood, Atlanta, GA, for plaintiffs.

A. Gilchrist Sparks, III, and Kenneth J. Nachbar, of Morris Nichols Arsht & Tunnell, Wilmington, DE, James N. Benedict, Gary R. Carney, Mary K. Dulka, and James F. Moyle, of Rogers & Wells, New York City, for defendants Mezzanine Investments II, L.P., ML Fund Administrators, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc. d/b/a Merrill Lynch Capital Markets, ML Mezzanine II, Inc., Matthew D. Castagna, Warren C. Smith, Jr., Rosalie Y. Goldberg, Robert Miller, Frederick J.C. Butler, Kevin K. Albert, Jerome P. Greene, and J. Huston McCullough II.

Stephen E. Herrmann, of Richards Layton & Finger, Wilmington, DE, John D. Hughes, and Richard S. Nicholson, of Hutchins & Wheeler, John D. Donovan, Jr., of Ropes & Gray, Boston, MA, for defendants Thomas H. Lee Co., T.H. Lee Mezzanine II, Thomas H. Lee Advisors II, L.P., ML Lee Acquisition Fund II, L.P., ML Lee Acquisition Fund (Retirement Accounts) II, L.P., Thomas H. Lee, Vernon R. Alden, Joseph L. Bower, and Stanley H. Feldberg.

### OPINION

FARNAN, District Judge.

## I. INTRODUCTION

Plaintiff William Seidel commenced this action on February 3, 1992 by filing a class action against numerous defendants alleging various violations of the federal securities laws. Ronald Goldstein filed a substantially identical complaint on February 5, 1992. On May 14, following an order of the Court to consolidate, the Plaintiffs filed a Consolidated Amended Complaint. In the Consolidated Amended Complaint, Plaintiffs allege that the Defendants organized and sold interests in ML–LEE Acquisition Fund II, L.P. ("Fund II") and ML–Lee Acquisition Fund (Retirement Accounts) II, L.P. ("Retirement Fund II") (together "the Funds") by means of a false and misleading Registration Statement and Prospectus. Plaintiffs assert claims under Sections 11, 12(2) and 15 of the Securities Act of 1933, Sections 10(b) and 20 of the Securities Exchange Act of 1934, and under common law theories of fraud and deceit, negligent misrepresentation, and breach of contract. Plaintiffs have brought this class action on behalf of all persons and entities who purchased a limited partnership interest in the Funds between November 10, 1989 and January 5, 1990. Presently before the Court is Defendants' motion for an order transferring this action to the United States District Court for the District of Massachusetts.

## II. FACTS

### A. The Parties

#### 1. The Plaintiffs

Plaintiff Goldstein resides in Penn Valley, Pennsylvania. He purchased twenty units of Fund II in Wayne, Pennsylvania. Plaintiff Seidel is a resident of Vermillion, Ohio. He purchased ten units of Fund II in Cleveland, Ohio.

#### 2. The Lee Defendants

Defendant Thomas H. Lee, an individual general partner of the Funds, is a resident of Massachusetts. Defendant Thomas H. Lee, Co. ("the Lee Co.") is a sole proprietorship owned by Mr. Lee and is located in Massachusetts. Two of the other individual general partners of the Funds, Defendants Vernon R. Alden and Joseph L. Bower, are both

Massachusetts residents. The remaining individual general partner, Defendant Stanley H. Feldberg, lives in South Carolina. Defendant Thomas H. Lee Advisors II, L.P. ("Lee Advisors") serves as the investment adviser to the Funds and is a Delaware limited partnership with its principal place of business in Massachusetts. Defendant T.H. Lee Mezzanine II, the administrative general partner of Lee Advisors, is a Massachusetts Business Trust with its principal place of business in Massachusetts.

### 3. The Merrill Lynch Defendants

Defendants Merrill Lynch & Co., Inc. ("ML & Co."), Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPF & S"), ML Mezzanine II, Inc. ("ML Mezzanine"), and ML Fund Administrators, Inc. are all Delaware corporations with their principal places of business in New York. MLPF & S, a wholly owned subsidiary of defendant ML & Co., is the underwriter for the Funds' offering, and has an office here in Wilmington. ML Mezzanine, also a wholly-owned subsidiary of ML & Co., is the sole general partner of defendant Mezzanine Investments II, L.P. ("Mezzanine Investments"), which is a Delaware limited partnership. Mezzanine Investments is the managing general partner of the Funds. The Funds themselves are Delaware limited partnerships with their principal places of business in New York.

### 4. The Individual Defendants

Individual Defendants Matthew D. Castagna, Rosalie Y. Goldberg, Robert Miller, Frederick J.C. Butler, Kevin K. Albert, Jerome P. Greene, and J. Huston McCullough are the officers and directors of the managing partners of the Funds, and are all New York residents. Individual Defendant Warren C. Smith, Jr. presently resides in Massachusetts.

### B. The Funds

The certificates of limited partnership for the Funds were filed in Delaware in 1988. The Funds' preliminary Form N–2 Registration Statement, three pre-Effective amendments to the Registration Statement, and the Prospectus were then filed with the Securities and Exchange Commission ("SEC"). Because the Funds were designed to co-invest with Fund I and various affiliates of Thomas H. Lee, prior SEC approval was required for the Funds. Thus, Exemptive Order applications were prepared. The preparations and negotiations with the SEC took place in Boston and New York. Interests in the Funds were first offered in September 1989. As stated previously, Plaintiff William Seidel (Ohio resident) purchased ten units of Fund II in Cleveland, Ohio. Plaintiff Ronald Goldstein (Pennsylvania resident) purchased twenty units of Fund II in Wayne, Pennsylvania. In March 1990, the Funds' general partners approved an investment by the Funds in Hills Department Stores ("Hills"), which has its headquarters in Canton, Massachusetts. Subsequently the Funds' general partners also approved an investment by the Funds' in Petco Animal Supplies ("Petco").

### III. DISCUSSION

Defendants seek to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."[1] Although the Court must weigh the factors present in § 1404(a), a "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request," and " 'should not be lightly disturbed.' " *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970) (quoting *Ungrund v. Cunningham Brothers, Inc.*, 300 F.Supp. 270, 272 (S.D.Ill.1969)), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Thus, unless the " 'balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail.' " *Id.* (quoting *Owatonna Mfg. Co. v. Melroe Co.*, 301

---

1. Plaintiffs do not dispute that this action could have been brought in the district court in Massachusetts. Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Plaintiffs' Brief"), at 13 n. 7.

F.Supp. 1296, 1307 (D.Minn.1969)). Moreover, transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of transfer. *Allied–Signal, Inc. v. Honeywell, Inc.,* C.A. No. 90–395–JJF, 1991 WL 495770 (D.Del. Feb. 6, 1991).

Defendants contend that the burden announced by the Court of Appeals for the Third Circuit in *Shutte* should not be applied because the Plaintiff has not filed the action in the Plaintiff's "home turf," or in a forum that has some connection with the subject matter of the lawsuit.[2] Defendants' Memorandum of Law in Support of Their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Defendants' Opening Brief"), at 14–15. Defendants argue that because the District of Delaware has no meaningful connection with the Plaintiffs, the Defendants, or the subject matter of the lawsuit, their burden of showing the propriety of transfer should be "significantly lessened." Defendants' Opening Brief, at 15.

█ While transfer of a case will generally be regarded as less inconvenient to a plaintiff *if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer. See Molins PLC v. Cincinnati Milacron, Inc.,* C.A. No. 87–163–JJF (D.Del. March 22, 1988). Furthermore, contrary to Defendants' contentions, the Court finds that the instant action has significant connections to Delaware. First, as noted above, the present controversy centers around the organization and activities of the two Funds, which are Delaware limited partnerships. Second, all but two of the business entities named as defendants are either Delaware corporations or Delaware limited partnerships. Third, the limited partnership agreement and the challenged Prospectus both contain choice of law clauses providing that they are to be construed and enforced in accordance with Delaware law. Finally, Delaware investors purchased over 11% of the total Funds' units. Thus, notwithstanding Defendants' argument for application of a reduced burden, the Court will transfer the action to the District of Massachusetts only if Defendants are able to demonstrate that the balance of convenience of the parties and the interests of justice weigh strongly in favor of the Defendants.

## A. Convenience of the Parties

The Defendants contend that the convenience of the parties and witnesses weighs strongly in favor of transfer. In support of their position, the Defendants direct the Court's attention to the fact that the Lee defendants all have their principal places of business in Massachusetts, and that four of the individual defendants reside in Massachusetts—Thomas H. Lee, Vernon R. Alden, Joseph L. Bower, and Warren C. Smith. Affidavit of Glenn H. Hutchins In Support of Defendants' Joint Motion to Transfer ("Hutchins Aff."), at ¶ 4. With regard to the remaining defendants, most of whom are located in New York, the Defendants' note that these defendants have joined in the motion to transfer to Massachusetts, and thus any inconvenience to them is irrelevant. Defendants also contend that the most of the documents relevant to the challenged activities are located in Massachusetts.

In addition to the location of the parties and documents, the Defendants' ask the Court to consider the disruption to the ongoing businesses and personal lives of the Lee defendants. Defendants allege that "[t]he sustained or repeated absence from Boston of any of these individuals with knowledge of the important circumstances and events in this case, in order to participate in discovery,

---

2. "Home turf" is the forum closest to the Plaintiff's home in which the plaintiff could effect personal service over the principal defendant. *Kirschner Bros. Oil, Inc. v. Pannill,* 697 F.Supp. 804, 806 (D.Del.1988). Plaintiffs dispute the Defendants' contention that the District of Delaware is not Plaintiffs' home turf. However, as Defendants note in their Reply Brief, one of the two Plaintiffs lives in Ohio. The District of Delaware is not that Plaintiff's home turf. Moreover, as to plaintiff Goldstein, it appears that the Eastern District of Pennsylvania would be the forum closest to his home, not the District of Delaware. Thus, the Court accepts Defendants' argument that the District of Delaware is not either Plaintiff's home turf.

as witnesses or otherwise on behalf of the Lee defendants at trial or other court proceedings, would disrupt and potentially damage [Defendants' ability to carry on their business]." Hutchins Aff. at ¶ 10.

Finally, Defendants argue that neither Plaintiff will find it more inconvenient to litigate in Massachusetts than in Delaware. First, they note that Plaintiffs will be required to travel to a foreign forum regardless of whether the action proceeds in Delaware or Massachusetts. Second, Defendants contend that because the suit is a class action, Plaintiffs' involvement with and participation at trial will be minimal compared to that anticipated on the part of the Defendants. In sum, the Defendants' position is that a transfer to Massachusetts would greatly minimize the inconvenience to the Defendants, while barely affecting the Plaintiffs and therefore, the motion to transfer should be granted.

■ Although Defendants' arguments have some merit, the Court is not convinced that the Defendants have demonstrated that the balance of convenience weighs strongly in their favor. While Massachusetts would undoubtedly be more convenient for the Lee defendants, the Court cannot conclude that Massachusetts is the more convenient forum for the Merrill Lynch defendants. All of the Merrill Lynch defendants and most of the individually named defendants reside in New York. With regard to these defendants, Delaware would appear to be a more convenient forum than Massachusetts. The Court is not persuaded by the Defendants' argument that because the Merrill Lynch defendants have joined in the motion to transfer, the inconvenience to them of litigating in Massachusetts is irrelevant. In balancing the convenience factors to determine the propriety of a 1404(a) transfer, the Court does not take into consideration litigation strategies utilized by the parties.

Thus, while Massachusetts may be a more convenient forum for some of the Defendants, it is not more convenient for the Plaintiffs, and it is not more convenient for the Merrill Lynch defendants. Therefore, it cannot be said that the balance of convenience weighs strongly in favor of the Defendants on this factor.

### B. Convenience of the Non-party Witnesses

Defendants also argue that the District of Massachusetts would be a more convenient forum for non-party witnesses. Defendants have named various individuals affiliated with Hills as potential witnesses: John C. Brouillard, Vice President of Finance of Hills, Stephen A. Feldman, Vice President and Treasurer of Hills, John G. Reen, Vice President and Controller of Hills, William K. Friend, Vice President, Secretary and Corporate Counsel of Hills, and Hills' outside counsel, Foley, Hoag & Eliot. Each of these witnesses, with the exception of Mr. Brouillard, resides in Massachusetts. Mr. Brouillard is believed to be employed in Texas.

Plaintiffs have also identified a number of potential witnesses, including officials from the SEC, representatives from the various institutional investors which purchased certain Hills Debt Securities, and members of the Bank Consortium. Although the Plaintiffs have not named specific individuals as potential witnesses, they have sufficiently identified the possible pool of witnesses, the materiality of the potential witnesses' testimony, and the locations of all of the possible witnesses. The Plaintiffs' witnesses are primarily located in Washington, D.C., Maryland, Pennsylvania, and New York. Few are located in Massachusetts.

The Court acknowledges that Massachusetts would be a more convenient forum for Defendants' named non-party witnesses, but it appears that Delaware, as a more centrally located forum, would be more convenient for Plaintiffs' non-party witnesses. Therefore, all that the Defendants have established is that the balance with regard to the convenience of non-party witnesses is in equilibrium. To the extent that the convenience of non-party witnesses weighs in favor of the Defendants, it does so only slightly, and thus does not warrant transfer to Massachusetts.

### C. Interests of Justice

■ In addition to demonstrating that the convenience of the parties and witnesses

weighs strongly in favor of transfer, the Defendants also have the burden of showing that the interests of justice weigh strongly in favor of transfer. When balancing the interests of justice, the Court examines five criteria: the efficient utilization of judicial resources; the cost to the parties of litigating in the chosen forum as opposed to the transferee forum, access to proof, and the availability of compulsory process, and whether application of state law is required. *Schwarzkopf Tech. Corp. v. Ingersoll Cutting Tool Co.*, 820 F.Supp. 150 (D.Del.1992). As with the balance of convenience of the parties and witnesses, the Court is convinced that the interests of justice are equally served regardless of whether the Court maintains the action in Delaware or transfers the action to Massachusetts.

### 1. The Efficient Utilization of Judicial Resources

Defendants argue that a transfer to Massachusetts will conserve judicial resources because one court will preside over both pretrial discovery and the trial. But Defendants' argument ignores Plaintiffs' representations that they will seek discovery not only in Massachusetts, but in New York, Washington, D.C., Maryland, and Pennsylvania as well. Therefore, it will not be possible for one court to preside over the entire controversy. Accordingly, the efficient use of judicial resources does not weigh in favor of or against transfer.

### 2. The Cost to the Parties and Access to Proof

As with the previous factor, the cost to the parties and access to proof balance out equally if not in favor of maintaining the action in Delaware. The most significant expense facing the parties is legal fees. Defendants suggest that transferring the action to Massachusetts will reduce litigation costs by eliminating the need for the Lee defendants to retain Delaware counsel. However, what the Defendants fail to account for is the fact that transferring to Massachusetts is likely to increase the legal fees for the Plaintiffs. If forced to litigate in Massachusetts, the Plaintiffs will be required to retain additional local counsel. Thus, the transfer would merely shift the costs from the Defendant to the Plaintiff. Accordingly, the Court concludes that the costs to the parties does not militate in favor of transfer.

The Court reaches a similar conclusion with regard to access to proof. Defendants assert that many of the relevant documents regarding the SEC application and exemption process and the Funds' investments in Hills and Petco are located in Massachusetts. For their part, Plaintiffs assert that many other relevant documents are located in New York and Washington, D.C. On such a record, the Court is unable to conclude that transferring this action to Massachusetts will provide greater access to proof.

### 3. Availability of Compulsory Process

The Defendants potential witnesses can be categorized into two groups: the Lee witnesses and the Hill witnesses. Defendants argue that these witnesses are the crucial witnesses, and each of these witnesses, because they are in Massachusetts, are subject to the Massachusetts court's subpoena powers.

Plaintiffs' witnesses are not primarily located in Massachusetts. With the exception of the Lee defendants, the Plaintiffs' witnesses are primarily located in Washington, D.C., Maryland, Pennsylvania, and New York. Most of Plaintiffs' witnesses, with the exception of those in New York and Massachusetts, are subject to the Court's subpoena powers. The New York witnesses are not within this Court's or the Massachusetts court's subpoena powers. Moreover, as Plaintiffs point out in their brief, the Defendants are not likely to encounter problems obtaining the testimony of witnesses from Hills and Petco, given the Funds' substantial investments in Hills, and the fact that Advisors II is represented on the Board of Petco. Thus, as with the other criteria considered by the court in balancing the interests of justice, the Court cannot conclude that the availability of compulsory process strongly favors transfer.

#### 4. Application of Delaware Law

The Consolidated Amended Complaint asserts three causes of action that arise under Delaware law—breach of contract, negligent misrepresentation, and fraud and deceit. The courts in this district have stated that it is preferable for the court of the state whose substantive law controls to hear the case. *See Sports Eye, Inc. v. Daily Racing Form, Inc.*, 565 F.Supp. 634, 639 (D.Del.1983). The partnership agreement and the Prospectus provide that they are to be construed and applied according to Delaware law. Thus, to the extent that the Consolidated Amended Complaint asserts state law claims, the interests of justice also weigh in favor of the Court maintaining the action in Delaware.

### IV. CONCLUSION

In sum, the Court concludes that the Defendants have failed to establish that the *Shutte* criteria strongly favor transfer of this action to the District of Massachusetts. Accordingly, Defendants' motion for an order transferring this action to the District of Massachusetts will be denied.

An appropriate Order will be entered.