SAS OF PUERTO RICO, INC., Plaintiff,

v.

PUERTO RICO TELEPHONE COMPANY, Defendant.

Civ. A. No. 93-193-JJF.

United States District Court, D. Delaware.

Oct. 12, 1993.

---

M. Duncan Grant, and Kathryn A. Kelly, of Pepper Hamilton & Scheetz, Wilmington, DE, Laurence Z. Shiekman, Frank M. Rapoport, and Michael A. Ceramella, of Pepper Hamilton & Scheetz, Philadelphia, PA, for plaintiff.

Henry E. Gallagher, Jr., of Connolly Bove Lodge & Hutz, Wilmington, DE, Robert F. Reklaitis, and Laurin H. Mills, of Hopkins & Sutter, Washington, DC, for defendant.

### MEMORANDUM OPINION

FARNAN, District Judge.

Plaintiff, SAS of Puerto Rico, Inc. ("SAS") commenced this action against Defendant, Puerto Rico Telephone Company ("PRTC") on April 20, 1993. SAS alleges that PRTC has violated the Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and Puerto Rico state fraud and contract law "through conduct designed to maintain monopoly power and to restrain competition in the market for long-distance telephone service from pay phones in Puerto Rico." Plaintiff's Answering Brief (D.I. 15), at 1.

On June 1, 1993 PRTC moved pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Puerto Rico. In the alternative, PRTC moves the Court to dismiss the Complaint pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (D.I. 8). The Court concludes that convenience to the parties and the interests of justice weigh strongly in favor of transferring this action to the District of Puerto Rico. Accordingly, PRTC's Motion to Transfer will be granted; and PRTC's alternative Motion to Dismiss will be denied.

The Court will briefly set out facts alleged in the Complaint that are pertinent to the motion to transfer presently before the Court. SAS is a corporation organized under the laws of Puerto Rico with its principal place of business in Hato Rey, Puerto Rico. Complaint at ¶ 1. PRTC is a corporation is a Delaware corporation with its principal place of business in San Juan, Puerto Rico. Complaint at ¶ 2. PRTC is a wholly owned subsidiary of the Puerto Rico Telephone Authority, a Puerto Rico public corporation and government instrumentality. Complaint at ¶ 2.

PRTC has been a Delaware corporation since its creation as a subsidiary of International Telephone & Telegraph ("IT & T"). In 1974, all if its shares were purchased by the Puerto Rico Telephone Authority. Complaint at ¶ 9. PRTC provides local telephone service to most telephone subscribers in Puerto Rico and owns and operates most of the pay phones in Puerto Rico. Complaint at ¶ 14.

SAS was formed in order to contract with PRTC and another Puerto Rico government-owned telephone company ("PRCC") to provide upgraded equipment and improved service to Puerto Rico's pay phones. Complaint

at ¶ 25. On January 31, 1992 SAS signed and "Agency Agreement" with both PRTC and PRCC. Complaint at ¶ 30. The "Agency Agreement" provided that SAS would act as agent for PTRC to replace PRTC public telephones with a minimum of 1,500 "intelligent" telephones provided by SAS. Complaint at ¶ 31.

PRTC has submitted the Affidavit of Justo E. Varela–Dieppa in support of its motion to transfer. (D.I. 12). Mr. Varela affirms that the 25 meetings between PRTC and SAS relating to the proposed agreement of which he is aware all took place in Puerto Rico. (D.I. 12, at ¶ 3). All of PRTC's business records relating to the proposed agreement between SAS and Puerto Rico are in Puerto Rico. (D.I. 12, at ¶ 3). All but two of the PRTC employees or agents involved in the negotiations or meetings with SAS regarding the "Agency Agreement" reside in Puerto Rico.[1] Any PRTC corporate officer or other key employee who may possess knowledge of facts relating to the "Agency Agreement" reside in Puerto Rico.

Section 1404(a), 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." As a preliminary matter, it is uncontested that SAS could have originally brought this action against PRTC in Puerto Rico. Plaintiff's Answering Brief (D.I. 15), at 6.

■ Although the Court must weigh the factors present in § 1404(a), a "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request," and " 'should not be lightly disturbed.' " *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970) (quoting *Ungrund v. Cunningham Brothers, Inc.*, 300 F.Supp. 270, 272 (S.D.Ill.1969)), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Thus, unless the " 'balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum

should prevail.' " *Id.* (quoting *Owatonna Mfg. Co. v. Melroe Co.*, 301 F.Supp. 1296, 1307 (D.Minn.1969)). Moreover, transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of transfer. *In re ML–Lee Acquisition Fund II, LP*, 816 F.Supp. 973, 976 (D.Del.1993); *Allied–Signal, Inc. v. Honeywell, Inc.*, C.A. No. 90–395–JJF, 1991 WL 495770 (D.Del. Feb. 6, 1991). Moreover, while transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred, the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer. *In re ML–Lee*, 816 F.Supp. at 976; *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F.Supp. 962, 964 (D.Del. 1993).

■ With these considerations in mind the Court concludes that this action should be transferred to the District of Puerto Rico. SAS is incorporated in Puerto Rico. Both PRTC and SAS have their principal places of business in Puerto Rico. The cause of action and all related acts alleged in the Complaint took place in Puerto Rico. The majority of the witnesses and the documents relevant to the action are in or around Puerto Rico. Puerto Rico law will control the non-federal issues raised by the Complaint.

Given the overwhelming connections that this action has with Puerto Rico, it is unnecessary to engage in lengthy analysis of the balance of conveniences and interests of justice as outlined in *Aetna Casualty & Surety Co. v. Singer–General Precision, Inc.*, 323 F.Supp. 1141, 1144 (D.Del.1971). SAS does not dispute that most of the key witnesses and documents are in Puerto Rico, that the wrongful conduct occurred in Puerto Rico, or that Puerto Rico substantive law will govern the nonfederal claims.

■ The only connection that this action has with Delaware is the fact of PRTC's

---

1. The two agents or employees that Mr. Varela indicates are not residents of Puerto Rico are Paul Berman, a partner in the Washington D.C. law firm of Covington & Burling and Don Parr-

ish, who is a partner with Parrish, Blessings and Associates, a Virginia consulting firm. (D.I. 12 at ¶ 5).

incorporation in Delaware, and SAS argues that incorporation in Delaware alone is sufficient reason to defeat a motion to transfer. Although, a defendant who chooses Delaware as its legal home should not be heard to complain that another corporation has decided to sue it in Delaware. Where, as here, the Defendant has demonstrated that an alternative forum would be more convenient and would better serve the interests of justice because that forum, and only that forum, has substantial connections with the litigation, incorporation in Delaware alone will not necessarily prevent transfer. *Accord Kaiser Indus. Corp. v. Wheeling–Pittsburgh Steel Corp.*, 328 F.Supp. 365, 369 (D.Del.1971).

Therefore, based on allegations alleged in the Complaint (and undisputed by PRTC) and the Affidavit of Mr. Varela, the Court concludes that the balance of convenience of the parties and witnesses and the interests of justice weigh strongly in favor of transferring this action to the District of Puerto Rico.

Accordingly, PRTC's Motion to Transfer will be GRANTED, and PRTC's alternative Motion to Dismiss will be DENIED.

An appropriate Order will be entered.