CONTINENTAL CASUALTY
COMPANY, Plaintiff,

v.

AMERICAN HOME ASSURANCE
COMPANY and National Union Fire
Insurance Company of Pittsburgh,
PA, Defendants.

Civil Action No. 99–260–JJF.

United States District Court,
D. Delaware.

Aug. 11, 1999.

Kevin Gross, Rosenthal, Monhait, Gross & Goddess, Wilmington, DE, of counsel, Ronald P. Schiller, Joseph Kernen, and Carla Pennington–Cross, of Piper & Marbury L.L.P., Philadelphia, PA, for plaintiff.

Stephen E. Jenkins and Regina A. Iorri, of Ashby & Geddes, Wilmington, DE for defendants.

## OPINION

FARNAN, Chief Judge.

Presently pending in this action alleging breach of contract and related tortious activity is the Defendants' Motion To Dismiss Pursuant To Rule 12(b) Of The Federal Rules Of Civil Procedure, Or, Alternatively, To Transfer This Case To The Southern District Of West Virginia (D.I.11).[1] By their Motion, the Defendants urge the Court to dismiss this action because: (1) the Court lacks personal jurisdiction over the Defendants; (2) venue is improper in this District; and (3) the Plaintiff failed to properly serve the Defendants with process. Alternatively, the Defendants request that the Court transfer this action to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1404(a).[2] For the reasons stated below, the Court will deny the Defendants' Motion To Dismiss (D.I.11) and will grant the Motion To Transfer This Case To The Southern District of West Virginia (D.I.11).

### I. *Personal Jurisdiction*

The Defendants, as foreign insurance companies, have registered to transact insurance within the State of Delaware pursuant to 18 *Del.C.* § 524, and thereby have appointed the Insurance Commissioner as their agent to receive service of process issued against them in Delaware. Section 525 provides for the means of such service and also states that "[s]ervice of process in the manner provided by this section shall for all purposes constitute valid and binding personal service upon the insurer within this State." 18 *Del.C.* § 525(c). The Defendants contend that sections 524 and 525 confer personal jurisdiction upon the Defendants only in actions arising out of their transaction of insurance within Delaware. Because this action does not arise in connection with the transaction of insurance in Delaware, the Defendants argue that their registration pursuant to sections 524 and 525 does not subject them to the personal jurisdiction of this Court.

The Court is not persuaded by this argument. Both the United States Supreme Court and the Supreme Court of Delaware have held that a foreign corporation which authorizes an agent to receive service of process in compliance with the requirements of a state registration statute has consented to the exercise of personal jurisdiction in that state, even with

---

1. The Plaintiff, Continental Casualty Company, is an Illinois insurance company, and the Defendants are American Home Assurance Company, a New York corporation, and National Union Fire Insurance Company of Pittsburgh, PA, a Pennsylvania corporation. All of the parties have their principal place of business in New York, New York.

2. In the event the Court declines to transfer this action, the Defendants also seek dismissal of Counts II through V of the Complaint for failure to state a claim upon which relief may be granted.

regard to causes of action that do not arise from events or transactions occurring within that state. *Pennsylvania Fire Insurance Co. v. Gold Issue Mining & Mill Co.*, 243 U.S. 93, 95, 37 S.Ct. 344, 61 L.Ed. 610 (1917) (in cause of action arising from transactions occurring in Colorado, foreign corporation's designation of Missouri Superintendent of Insurance as its registered agent subjected corporation to personal jurisdiction of Missouri courts); *Sternberg v. O'Neil*, 550 A.2d 1105, 1108–12 (Del. 1988); *see also McDaniel v. Asbestos Corp. of America*, 1989 WL 70973, at *3 (Del. Sup.Ct. May 16, 1989) (a foreign insurer who appoints the Insurance Commissioner as its agent pursuant to 18 *Del.C.* § 524 is subject to personal jurisdiction of Delaware courts under 18 *Del.C.* § 525). Pursuant to 18 *Del.C.* §§ 524 and 525, the Defendants appointed the Insurance Commissioner as their agent to receive "valid and binding" service of process "for all purposes." 18 *Del.C.* § 525(c). As such, the Court concludes that the Defendants have expressly consented to the personal jurisdiction of courts in this District.[3]

## II. *Service of Process*

The Defendants request dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service of process. In response, the Plaintiff asserts that it has remedied any alleged defect in service by re-serving the summons and Complaint in the manner specified by 18 *Del.C.* § 525. The Defendants do not challenge the Plaintiff's representation, and therefore, the Court concludes that proper service of process has been effected. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992) (courts should allow the plaintiff to remedy defects in service when there exists a "reasonable prospect that service may be obtained").

---

**3.** In *Sternberg,* the Delaware Supreme Court held that where a foreign corporation has expressly consented to the jurisdiction of a state by registration, due process is satisfied

## III. *Venue*

The Defendants also claim that venue is improper. Under 28 U.S.C. § 1391(b), venue is proper if an action is brought in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). For purposes of venue, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *see Modern Mailers, Inc. v. Johnson & Quin, Inc.,* 844 F.Supp. 1048, 1055 (E.D.Pa.1994). The Court has determined that the Defendants are subject to personal jurisdiction within this District by virtue of their registration with the Insurance Commissioner. Therefore, the Defendants are deemed to reside in this judicial District, and venue is proper under 28 U.S.C. § 1391(b)(1).

## IV. *Transfer*

Although the Court has determined that venue is proper, the Court may transfer the instant action to any other district where the action may have been brought, if the transfer is necessary for the convenience of the parties and the witnesses and it is in the interests of justice. 28 U.S.C. § 1404(a). Here, there is no dispute that this action could have been brought in the Southern District of West Virginia. Accordingly, the Court will turn to an examination of the factors enumerated in section 1404(a), as well as the factors set forth by the United States Court of Appeals for the Third Circuit in *Jumara v.*

and an examination of "minimum contacts" to find implied consent is unnecessary. *Sternberg,* 550 A.2d at 1113.

*State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995), to determine whether this litigation would proceed more conveniently and whether the interests of justice would be better served by transfer to the Southern District of West Virginia.[4]

■ At the outset, the Court notes that the Plaintiff's choice of forum is entitled to substantial deference and should not be lightly disturbed. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970) (citations omitted). The burden is upon the movant to establish that the balance of the interests strongly weighs in favor of the requested transfer. *Id.* A transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. *Allied–Signal, Inc. v. Honeywell, Inc.*, C.A. No. 90–395–JJF, 1991 WL 495770, at *1 (D.Del. Feb. 6, 1991) (citations omitted).

■ Where, as the Defendants maintain here, the Plaintiff's choice of forum is not its "home turf," the Plaintiff's choice is still given paramount consideration. In the balancing of convenience, however, "the transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred."[5] *In re ML–Lee Acquisition Fund II, L.P.*, 816 F.Supp. 973, 976 (D.Del.1993). Also factoring into the balance of convenience is whether the plaintiff has offered any "substantive reasons ... indicating that the convenience to it of litigating in [this forum] even approaches the inconvenience which trial in this forum will impose on the defendants and their witnesses."[6] *Clopay Corp. v. Newell Companies, Inc.*, 527 F.Supp. 733, 737 (D.Del.1981).

## A. Balancing of the Factors [7]

### 1. Convenience of the Parties

Because the parties agree that they are both capable of financing a trial in either district, the convenience of the parties does not weigh in favor of either retaining or transferring venue.

### 2. Convenience of the Witnesses

■ The Defendants have identified several non-party witnesses [8] who are not

---

4. The Third Circuit has characterized the factors relevant to this analysis as either private or public interests. Among the private interests are: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that they could not be produced in one of the fora). *Jumara*, 55 F.3d at 879 (citations omitted). The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the trial judge's familiarity with applicable state law. *Id.*

5. In the District of Delaware, "home turf" is defined as the forum closest to the plaintiff's residence or principal place of business which can exercise personal jurisdiction over the Defendants at the time the lawsuit is filed. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 198 n. 6 (D.Del.1998).

6. The Plaintiff asserts that it selected this District as its venue because: (1) the Novation Agreement provides that Delaware law controls disputes arising thereunder; (2) this District has a "relatively fast and expeditious docket;" and (3) this District has a "tradition of developing commercial jurisprudence" (D.I. 20, at 24).

7. The Court will not separately consider the first three factors enumerated by the Third Circuit, namely, the Plaintiff's choice of forum, the Defendants' preferred forum, and whether the claim arose elsewhere, as the Court concludes that consideration of such is subsumed in a review of the remaining factors. *See Affymetrix*, 28 F.Supp.2d at 197.

8. Will Steele, Robert Fisher, Jack Buckalew, Stephen P. McGowan and William Forbes (Affidavit of Frederick P. Ambs, D.I. 13, at ¶¶ 13, 14).

subject to compulsory process in this District and who will be called to testify to facts and events relevant to the contested issues of: (1) whether the Plaintiff's decision to settle *Harris II* was reasonable; and (2) whether the Novation Agreement is unenforceable due to the Plaintiff's failure to reveal certain material information (Affidavit of Frederick P. Ambs, D.I. 13, at ¶ 15). The Plaintiff has identified only one non-party witness, Rebecca Ross, who will be inconvenienced by trial in West Virginia. The Court thus concludes that, on balance, this factor weighs in favor of transfer. *See Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.Supp. 287, 291 (D.Del.1986) ("It is desirable to hold trial at a place where the personal attendance of witnesses through the use of subpoena power can be reasonably assured.").

### 3. Location of Books and Records

The parties do not contend that relevant books or documents will be unavailable to either forum, and thus, the Court assigns this factor no weight. *Jumara*, 55 F.3d at 879 (holding that this factor should be considered only to the extent that the documents will be unavailable for trial).

### 4. Enforceability of a Judgment

There is no dispute that the Defendants are capable of satisfying a judgment entered against them; therefore, the Court assigns no weight to this factor.

### 5. Practical Considerations That Could Make Trial Easy, Expeditious or Inexpensive

The Defendants contend that a trial in Wilmington will be more expensive for the Defendants' West Virginia witnesses, while the Plaintiff argues that trial in West Virginia will ·be more expensive for its witnesses located in Washington, D.C., New York, Pennsylvania and Illinois. Merely shifting the inconvenience between the parties, instead of reducing the overall inconvenience to all parties, is not enough to shift the balance of convenience in favor of a transfer. *See Affymetrix*, 28

F.Supp.2d at 205–06. Therefore, the Court assigns this factor no weight.

### 6. Administrative Difficulties Posed by Court Congestion

According to the statistics submitted by the Defendants, which have not been challenged by the Plaintiff, the Court concludes that there is not an appreciable difference in docket congestion or median time to trial between the two districts (D.I. 12, at 31–32). As such, the Court affords this factor no weight.

### 7. Local Interest in Resolving Local Controversies at Home

The Court concludes that there is likely to be significant local interest in resolving this controversy in West Virginia. Many of the underlying events which formed the basis for this action occurred in West Virginia. Additionally, the Plaintiffs' settlement of the *Harris II* litigation, which concerns the alleged misconduct of West Virginian officials, and the Plaintiff's knowledge of similar claims by West Virginian prisoners will play a role in the Defendants' defenses and/or counterclaims. Conversely, the Court finds that Delaware does not have a strong interest in resolving this suit as none of the events giving rise to this action occurred here, none of the parties is incorporated here or has its principal place of business here, and the Novation Agreement was not executed here. Accordingly, the Court concludes that this factor weighs in favor of transfer.

### 8. Public Policies of the Fora

The parties agree that this factor is not applicable to this case.

### 9. Trial Judge's Familiarity with Applicable State Law

The Novation Agreement provides that Delaware law governs the contract. The Plaintiff cites the choice of law provision and the District of Delaware's "tradition of developing commercial jurisprudence" as rational and legitimate reasons for choosing this District as its venue (D.I. 20, at 24). Although the Court has previously

stated that "it is preferable for the court of the state whose substantive law controls to hear the case," *In re ML–Lee,* 816 F.Supp. at 976, 979, the Court concludes that courts in either district are capable of applying Delaware law to the straight-forward allegations of breach of contract and related tortious activity implicated by the facts of this case. Similarly, there will be no occasion to further develop Delaware "commercial jurisprudence," as this case does not appear to present novel issues of law. Thus, the Court will assign this factor no weight.

### B. Summary

Upon a balancing of the factors discussed above, the Court concludes that this case should be transferred to the Southern District of West Virginia. The potential unavailability of the Defendants' non-party witnesses for trial weighs heavily in favor of transfer, as does the local interest in having this controversy decided in West Virginia. Moreover, the Plaintiff has not demonstrated that Delaware has any connection to the parties or the events that gave rise to this action, other than the choice of law provision contained in the Novation Agreement. The Court concludes that, under the facts of this case, the choice of law provision, without more, is insufficient to warrant retaining venue when the convenience of the witnesses and the interests of justice warrant a transfer.[9]

---

[9]. Because the Court will transfer this action, it will not consider the Defendants' argument that Counts II through V of the Complaint should be dismissed for failure to state a claim.