Bernard S. BERGMAN et al., Plaintiffs,

v.

Harry BRAININ et al., Defendants.

Civ. A. No. 80–485.

United States District Court,
D. Delaware.

April 20, 1981.

William T. Allen of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiffs Bernard. S. Bergman, Thomas C. Bogart, Stephen D. Bonjour, Allan Gunn, Louis Katz, David H. Solms and Walter F. Wetzel; Carl W. Schneider, Bernard M. Borish, and David F. Simon of Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., of counsel.

William Prickett and Vernon R. Proctor of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for defendants Harry Brainin, Robert J. Bond, Jr., Albert Greene, John F. Guy and Chatham Corp.; George B. Collins of Collins & Amos, Chicago, Ill., of counsel.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

Plaintiff shareholders have sued Chatham Corporation ("Chatham") and certain of its past and present executive officers and di-

rectors on behalf of themselves, the Chatham Shareholders Protective Committee, and derivatively on behalf of Chatham for violation of federal securities laws and Delaware common law fiduciary duties of corporate officers and directors not to waste, mismanage or misappropriate the assets of the corporation. Plaintiffs seek injunctive and other equitable relief as well as damages for (a) defendants' filing of documents regulated by the Securities and Exchange Commission ("SEC") which contained false and misleading statements or omissions of material facts, (b) insider trading, (c) excess compensation of defendant president and chief executive officer, (d) sale of Chatham's interest in certain radio stations in Nashville, Tennessee for inadequate consideration, (e) maintenance of separate corporate headquarters and compensation of officers, directors and employees despite Chatham's status as a non-operating holding company, and (f) transfer of products liability insurance coverage for improper personal reasons to less financially stable companies which became insolvent. Defendant Chatham has counterclaimed against plaintiff Stephen Bonjour charging joint liability should the transfer of Chatham's products liability insurance coverage be held a waste or misappropriation of corporate funds.

■ The case is before the Court on the motion of certain defendants[1] to transfer the action to the United States District Court for the Northern District of Illinois. This Court may transfer a case pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." Although this decision is in the discretion of the Court, transfer can be granted only to a forum where the action might have been brought. Since this action involves alleged violations of the Securities Exchange Act, a special venue provision in that Act is applicable. Section 27 of the Act, 15 U.S.C. § 78aa, provides that suit may be brought in the federal district where the act constitut-

ing the alleged violation occurred, or in which the defendant is found, is an inhabitant, or transacts business. Most of the acts involved occurred in the Northern District of Illinois, Chatham is a Delaware corporation with its principal place of business in the Northern District, and the individual defendants either reside or transact business there. Thus, this suit could have been brought in the Northern District of Illinois.

■ Since defendants have met the first requirement for transfer, the Court must evaluate the proposed transfer in light of the remaining considerations. Because plaintiffs' choice of forum is accorded substantial weight, the burden is on the defendants to establish that the balance of convenience of the parties and witnesses strongly favors the defendants. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). If transfer will merely shift the inconvenience to plaintiffs, it should not be granted. *Residex Corporation v. Farrow*, 374 F.Supp. 715, 722 (E.D. Pa.1974), *aff'd mem.* 556 F.2d 568 (3d Cir. 1977) and *sub nom. Kornfeld v. Residex Corp.*, 556 F.2d 567 (3d Cir. 1977). The Court must also consider whether the transfer would be in the interest of justice. Although certain factors make this forum more convenient to plaintiffs, they are substantially outweighed by those which would inconvenience the defendants, and the motion to transfer will be granted.

As to the convenience of the parties, all the plaintiffs reside in states adjacent to Delaware; however, this does not lessen the deference to which their choice of forum is entitled. *See Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F.Supp. 761, 763 n. 4 (D.Del.1975). The difference in commuting time and expense from their residences to the respective courthouses is, of course, great. Yet, only two of these plaintiffs have personal knowledge of the relevant facts which would require them to partici-

---

1. This motion was filed by all defendants except Harry Brainin, who has joined in this mo- tion in all respects, Docket at 19, and Norman Brainin, who has consented to the transfer.

pate in the trial.[2] Plaintiffs further claim to have at least one file drawer of documents necessary to this action, which would be troublesome to transport. Plaintiffs also rely on the fact that a large number of shareholders reside in or near Delaware. This carries little weight, however, where, as here, none of these shareholders will likely have personal knowledge requiring his or her participation in the action.

Against these factors, the Court must weigh those concerning the defendants. All the individual defendants except two reside in the Northern District of Illinois. More importantly, an action of this kind would most likely require their testimony at trial. Though defendant Chatham is a holding company, the defendant officers who oversee operations of the subsidiaries on a full-time daily basis operate out of the Illinois office and assert that trial in Delaware would seriously disrupt Chatham's operations, as well as their personal lives. Moreover, all the records of Chatham regarding the allegations of the complaint are located in the Northern District of Illinois. These facts establish that the inconvenience to defendants of this forum greatly outweighs the inconvenience which plaintiffs would suffer upon transfer.

In evaluating the relative convenience of the witnesses, the Court must balance defendants' roster of ten identified non-party witnesses who have material information and reside in the Northern District of Illinois against plaintiffs' citation of one critical non-party witness, Charles E. Harris, who resides in Pennsylvania; the wife of defendant Harry Brainin who resides in Florida; one possible identified witness who lives in New York City; and several unidentified witnesses in Philadelphia, Washington, D. C., and New York City. Although the quality of testimony of plaintiffs' critical witness might very well outweigh that of any one of defendants' named non-party witnesses, *see Mayer v. Develop-*

*ment Corp. of America*, 396 F.Supp. 917, 934 (D.Del.1975), defendant has made a strong showing as to both quality and quantity of non-party witnesses. As against defendants' ten identified witnesses whose proposed testimony is at least partially relevant, Mr. Harris, plaintiffs' one critical witness, stands alone. Plaintiffs' right to rely on Mrs. Brainin's possibly lesser inconvenience should she voluntarily appear is entirely dubious, and plaintiffs' other possible witnesses do not merit consideration given their indefinite status. Nor does the fact that plaintiffs have tentatively decided to retain an expert witness located in Philadelphia weigh in plaintiffs' favor. Not only have plaintiffs failed to specify the subject matter of his testimony, they have failed to show why the convenience of an expert witness who has been chosen by a party is entitled to any more consideration than that of plaintiffs' trial attorney, *i. e.*, none. *See Solomon v. Continental American Life Insurance Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *General Electric Co. v. Westinghouse Electric Corp.*, 294 F.Supp. 36, 37 (D.Del. 1968). The balance of convenience of witnesses thus strongly favors the defendants even though both parties have cited witnesses who are within the subpoena power only of the desired district.

■ Finally, the Court must consider whether the transfer would be in the interest of justice. The defendants are not required to make a positive showing on this point although a positive showing by the plaintiffs might be determinative. *See Lank v. Federal Insurance Company*, 309 F.Supp. 349 (D.Del.1970). Defendants argue that transfer will minimize the overall cost of the litigation by reducing travel and related expenses; will insure the availability of third-party witnesses in the Northern District of Illinois who are within its subpoena power as opposed to the lack of such witnesses within the subpoena power of this

---

**2.** The weight accorded plaintiffs' choice of forum may be lessened by the casting of the suit as a derivative or class action in which plaintiffs are merely representatives of a broad group. *Hall v. Kittay*, 396 F.Supp. 261, 263

(D.Del.1975). This is counterbalanced here by the fact that two of the plaintiffs are not just representatives, as well as by the non-derivative nature of the injunctive relief claims.

Court; will not present any unusual or complicated issues of Delaware corporate law to a court with less familiarity or expertise; and, given the existence of an action involving some of the same allegations in the state court in Cook County, Illinois, will eliminate the waste of contesting the same allegations in both Illinois and Delaware. The Court is persuaded that defendants are likely to call as witnesses a number of Illinois residents who will be subject only to the subpoena power of the Illinois court, whereas plaintiffs have poorly demonstrated a need for the subpoena power of this Court. Moreover, defendants' basic assertion that the subject matter of this action has no connection to this forum further supports the view that transfer will not be unjust. Although plaintiffs made valiant efforts to establish the historical connection of Chatham to the Philadelphia area, the only real connection of this action with this forum is that Chatham is a Delaware corporation. Neither the defendants nor the witnesses have any connection with Delaware, and the alleged wrongful acts occurred in Illinois, not Delaware.

In contrast, plaintiffs have failed to demonstrate that justice would be either served by this Court's retention of this case or disserved by transfer. First, plaintiffs are correct that transfer to Illinois will not result in any judicial economy since this case cannot be consolidated with that in the state court; however, neither does this factor support retention. Plaintiffs also argue that because Chatham has brought several actions against minority shareholders in Illinois state courts, justice requires that Chatham not be allowed also to encumber plaintiffs by transferring this suit to Illinois. Absent an allegation of harassment, plaintiffs' argument fails to indicate how justice will be served by retention. Second, while the relative ability of the parties to pay litigation expenses is significant, *Lank v. Federal Insurance Company, supra,* plaintiffs have cast themselves as a group of individuals with means more limited than the corporate treasury at defendants' disposal, without presenting any supporting financial data. Third, this Court's greater familiarity with Delaware law is of little consequence where plaintiffs can only speculate that complex questions of state law may arise. 15 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 3854 (1976). Finally, the lower caseload per judge in this district than in the Northern District of Illinois is the only factor as to which plaintiffs have made a strong showing. The Illinois caseload is considerably heavier than that in Delaware even when new appointees are included. However, the Court has found that the balance of convenience of parties and witnesses strongly favors defendants, and "the mere possibility of reaching trial in a shorter space of time in Delaware (conjectural at most) does not justify the denial of a transfer motion which is otherwise called for under the standards of § 1404(a)." *Hall v. Kittay,* 396 F.Supp. 261 (D.Del.1975).

Accordingly, defendants' motion to transfer this action to the Northern District of Illinois will be granted.