**KIRSCHNER BROTHERS OIL, INC.,**
**on behalf of itself and all others**
**similarly situated, Plaintiff,**

v.

**William G. PANNILL, John G. Decker, Bryce N. Middleton, Peter E. Bennett, Gilbert Butler, R. Bradford Malt, Arthur W. Wadman, Venture Lending Associates I, Venture Lending Associates II, Merrill Lynch Interfunding, Inc., Pannill Knitting Company, Incorporated, Bear, Stearns & Co. Inc. and Merrill Lynch Capital Markets, Defendants.**

**Civ. A. No. 88–54 (LON).**

United States District Court,
D. Delaware.

Oct. 24, 1988.

William Prickett and Wayne N. Elliott, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for plaintiff.

R. Franklin Balotti and Kevin G. Abrams, of Richards, Layton & Finger, Wilmington, Del., for defendants.

## OPINION

LONGOBARDI, District Judge.

Kirschner Brothers Oil, Inc. ("Kirschner"), as the representative of a class, has sued Pannill Knitting Co. ("Pannill"), Pannill's directors (Messrs. Pannill, Decker, Middleton, Bennett, Butler, Wadman and Malt), Venture Lending Associates I ("Venture I"), Venture Lending Associates II ("Venture II"), Merrill Lynch Interfunding, Inc. ("Interfunding"), Merrill Lynch Capital Markets ("Merrill Lynch") and Bear, Stearns & Co. ("Bear, Stearns") for alleged violations of the Securities Act of 1933, 15 U.S.C. § 77k, (" '33 Act") and the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), (" '34 Act").

Prior to June, 1986, Pannill filed a registration statement and prospectus with the Securities and Exchange Commission for a nationwide public offering of its common stock. Complaint, Docket Item ("D.I.") 1, ¶¶ 24, 50. The other Defendants assisted Pannill with the filing, with subsequent public representations related to the offering and with sales throughout the country. *Id.*, ¶ 42. The complaint alleges that Pannill's offering materials and representations contained false and misleading information about Pannill's manufacturing, distribution and expansion. *Id.*, ¶¶ 25, 33.

Pannill, joined by all the other Defendants, has moved under Title 28, section 1404(a) of the United States Code to transfer this case to the United States District Court for the Western District of Virginia.

Pannill is a Delaware corporation with its principal place of business in Martinsville, Virginia. Messrs. Pannill, Decker and Middleton work and reside in Martinsville. Messrs. Bennett, Butler and Wadman work and reside in New York City. Mr. Malt resides in Boston. Venture I and Venture II are Delaware limited partnerships with their principal places of business in New York City. Interfunding, Merrill Lynch and Bear, Stearns all have their principal place of business in New York City. Kirschner's principal place of business is in Haverford, Pennsylvania. Kirschner does not claim to be a Delaware corporation.

Under Title 28, section 1404(a) of the United States Code, the Court may transfer this case if it originally might have been brought in the Western District of Virginia, if the transfer would provide greater convenience for the parties and witnesses and if the transfer would serve the interests of justice. No party claims that this action originally could not have been brought in the Western District of Virginia. Under Title 28, section 1391(b) of the United States Code, venue is proper in the Western District of Virginia: Defendants sold stock through an allegedly misleading prospectus and made allegedly false or misleading disclosures throughout the country and in that District in claimed violation of the '33 Act and the '34 Act.

The moving party has the burden of showing that the convenience of the parties and witnesses favors transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir.1970). Ordinarily, the "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request." *Id.* If the plaintiff chooses a forum which is not his "home turf" and which has no connection to any of the acts giving rise to the lawsuit, however, the convenience to the plaintiff of

litigating in his chosen forum is not as great. This reduction in convenience lessens the defendant's burden to show that the balance of convenience favors transfer. *Pall Corp. v. Bentley Laboratories, Inc.*, 523 F.Supp. 450, 452 (D.Del.1981); *General Instrument Corp. v. Mostek Corp.*, 417 F.Supp. 821, 822–23 (D.Del.1976); *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F.Supp. 761, 763 (D.Del.1975).

The District of Delaware is not Kirschner's "home turf." This Court has defined "home turf" as "the forum closest to the [plaintiff's] home in which [plaintiff] could effect personal service over the principal defendant." *Mayer v. Development Corporation of America*, 396 F.Supp. 917, 932 n. 26 (D.Del.1975). The district closest to Kirschner's principal place of business in Haverford, Pennsylvania, is the Eastern District of Pennsylvania. The claim could have been brought in that District because Defendants sold stock through an allegedly misleading prospectus and made allegedly false and misleading disclosures throughout the country, including the Eastern District of Pennsylvania. Kirschner's "home turf", therefore, is the Eastern District of Pennsylvania, not the District of Delaware.[1]

Although the District of Delaware has some connection to the acts giving rise to this lawsuit by virtue of the nationwide sale of Pannill's stock and Pannill's public representations, none of the parties contends that any of Defendants' actions which resulted in the alleged violations occurred in this District; no one alleges that Plaintiffs were harmed in Delaware. The District of Delaware, therefore, has no connection with this lawsuit. The absence of such a connection and the choice of a forum that is not Kirschner's "home turf" reduce Defendants' burden to show that transfer would result in greater convenience to the parties and witnesses.

Defendants have shown that transferring this case would favor the overall convenience of the parties and witnesses. The principal place of business of Pannill, the main Defendant, is located in Martins-

---

1. This result is in accordance with common sense: Kirschner has its principal place of business in Haverford, Pennsylvania, and does no business in Delaware. D.I. 24 at 18 n. 3.

ville, Virginia, which is in the Western District of Virginia. Substantially all of the corporate records relevant to Pannill's manufacturing, distribution and expansion are located in Martinsville. Affidavit of John G. Decker, D.I. 23, Exhibit A, ¶ 4. The presence of these documents within the transferee district would be of considerable convenience to Defendants during trial. In contrast, no relevant documents are located in Delaware, no witnesses reside or conduct business in Delaware and no parties conduct business in Delaware. Given this lack of connection with this State, the incorporation of some of the Defendants in Delaware is of little consequence. *Kaiser Indus. Corp. v. Wheeling–Pittsburgh Steel Corp.*, 328 F.Supp. 365, 369 (D.Del.1971) ("mere fact that Delaware is the plaintiffs' choice of forum and the defendant's state of incorporation will not, standing alone, prevent this Court from transferring the suit to another forum"); *Quandt v. Beech Aircraft Corporation*, 317 F.Supp. 1009, 1012 (D.Del.1970) (plaintiff's choice of forum is not controlling "when the forum chosen is only the statutory home state of the defendant corporation").

Three key party witnesses work and reside in Martinsville. Messrs. Pannill, Decker and Middleton are directors and senior managers of Pannill. D.I. 23, Exhibit A, ¶ 10. Their personal knowledge about allegations in the complaint will be a crucial part of the trial testimony. *Id.* As the three top executives of Pannill, one of them will probably have to be present at the trial at all times. Because they all reside in Martinsville, *id.*, ¶ 14, conducting the trial in the Western District of Virginia rather than in Wilmington would allow them to pay greater attention to corporate business matters, minimizing the interference with the efficient conduct of Pannill's business during the trial. The reduction of such interference is an important factor for balancing convenience. *Sports Eye, Inc. v. Daily Racing Form, Inc.*, 565 F.Supp. 634, 638 (D.Del.1983); *Sanyo Elec. Trading Co., Ltd. v. Masco Corp.*, 429 F.Supp. 1023, 1024 (D.Del.1977).

For four individual party witnesses, transferring this case would cause greater inconvenience. The travel time for Messrs. Bennett, Butler and Wadman, who work and reside in New York City, and for Mr. Malt, who resides in Boston, would be greater to Virginia than it would be to Wilmington. However, they all have joined in the motion to transfer; presumably, they consider their personal convenience less important than that of Pannill, on whose board of directors they serve. Venture I, Venture II, Interfunding, Merrill Lynch and Bear, Stearns, who all have their principal offices in New York City, would be similarly inconvenienced. They, too, however, have joined Pannill's motion to transfer. The increased inconvenience to these party witnesses is therefore irrelevant; common sense precludes denying a motion to transfer on the basis of inconvenience to parties who have joined the motion.

Even if a transfer would significantly benefit Defendants, the Court will not grant the motion if the result merely would shift the inconvenience from Defendants to Kirschner; the net convenience must increase. *Derry Finance N.V. v. Christiana Companies, Inc.*, 555 F.Supp. 1043, 1046 (D.Del.1983). Kirschner, however, has provided no reasons, arguments or evidence why a transfer would be an inconvenience for Plaintiffs. Kirschner's brief strenuously argues how *others* would be inconvenienced, but not itself. Giving Plaintiffs the benefit of the doubt, Kirschner's travel time would certainly be greater to Virginia than it would be to Wilmington. Nonetheless, the convenience to Defendants of litigating close to the location of the controlling documents and key managerial and testifying personnel certainly outweighs a mere reduction in travel time for Kirschner.[2]

Transferring this case would appear to have no effect on the overall convenience of potential non-party witnesses. For the two groups of witnesses from New York City (Shearman & Sterling and Butler Capital Corp.) and the two from Boston (Ropes

2. Whether Plaintiffs will even participate at trial is far from clear. Kirschner's brief and affida-

vits do not state whether Plaintiffs intend to testify, or even attend, at trial.

& Gray and First National Bank of Boston), a transfer would cause an increase in travel time. The three groups of witnesses from Martinsville (Tultex Corp., Bassett Walker, Inc. and Pluma, Inc.) and the one from Greensboro, North Carolina (Arthur Andersen & Co.) would benefit from a reduction in travel time. The gains approximately cancel out the losses.

Given that Kirschner's choice of forum is not his "home turf", that litigating in Virginia would be of great convenience to Defendants, that Kirschner would appear to suffer very little, if any, inconvenience if the case were transferred and that the convenience of the non-party witnesses, as a whole, would be unaffected by a transfer, the convenience of the parties and witnesses favors transfer.

■ The Court must finally consider the interests of justice. An important factor is the efficient use of judicial resources. *General Tire & Rubber Co. v. Watkins,* 373 F.2d 361, 369 (4th Cir.), *cert. denied sub nom., Firestone Tire & Rubber Co. v. General Tire & Rubber Co.,* 386 U.S. 960, 87 S.Ct. 1031, 18 L.Ed.2d 109 (1967); *Smithkline Corporation v. Sterling Drug, Inc.,* 406 F.Supp. 52, 55 (D.Del.1975). Substantially all of the documents relevant to Pannill's manufacturing, distribution and expansion are located in the Western District of Virginia. If the case were transferred there, the same court could hold the trial and oversee the most important aspects of discovery. Transfer would not result in judicial preparations and efforts going to waste because this case has not been on the Court's docket for very long.

■ The comparative abilities of the transferor and transferee forums to subpoena non-party witnesses is a critical factor in determining the interests of justice. *Bergman v. Brainin,* 512 F.Supp. 972, 975 (D.Del.1981). As no party asserts that any of the non-party witnesses resides, conducts business or has an office in Delaware or within one-hundred miles of Wilmington, this Court could not compel the attendance of those witnesses at trial. Fed.R.Civ.P. 45(e)(1) ("A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial...."). The Western District of Virginia, however, could compel the attendance of the non-party witnesses from Martinsville and perhaps those from Greensboro.

■ Given that this case originally could have been brought in the Western District of Virginia, that the convenience of the parties and witnesses favors transfer and that the interests of justice would be furthered by transferring the case, Pannill's motion to transfer this action to the United States District Court for the Western District of Virginia is granted.[3]

---

**3.** The Court is aware that Congress has provided Plaintiffs wide latitude in choosing a forum in actions arising under section 11 of the '33 Act and section 10(b) of the '34 Act. The Court is convinced, however, that this consideration is substantially outweighed by the District of Delaware not being Kirschner's "home turf", by the absence of any relevant documents or witnesses in Delaware and by the presence of the primary Defendant, Pannill, and the key witnesses in the Western District of Virginia.