**TUFF TORQ CORPORATION, Plaintiff,**

v.

**HYDRO–GEAR LIMITED PARTNERSHIP, et al., Defendants.**

**TUFF TORQ CORPORATION, Plaintiff,**

v.

**SAUER, INC., Defendant.**

Civ. A. Nos. 93–414–SLR, 93–416–SLR.

United States District Court,
D. Delaware.

Jan. 3, 1994.

Donald F. Parsons and Julia Heaney of Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Edward J. Kessler, Robert Greene Sterne, Tracy–Gene G. Durkin of Sterne, Kessler, Goldstein & Fox, Washington, DC, George F. Pappas, Vicki Margolis of Venable, Baetjer, Howard & Civiletti, Washington, DC, for plaintiff.

Jeffrey B. Bove of Connolly, Bove, Lodge & Hutz, Wilmington, DE, Donald H. Zarley, Edmund J. Sease, Michael J. Voorhees, Daniel J. Cosgrove, Heidi Elaine Sease of Zarley, McKee, Thomte, Voorhees & Sease, Des Moines, IA, for defendants.

### MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

## I. INTRODUCTION

Plaintiff, Tuff Torq Corporation ("TTC"), has filed two actions with the Court. Civil action number 93–414 ("414") for patent infringement was filed on August 24, 1993, against Hydro–Gear, Inc. ("Hydro–Gear"), Hydro–Gear Limited Partnership ("HGLP"), Sauer—Sundstrand Company, Inc. ("SAS"), Sauer, Inc. ("Sauer"), and Hechinger Company ("Hechinger"). (414–D.I. 1) In this action TTC alleges infringements on patents Nos. 4,932,209 and 5,146,748 (the '209 and '748 patents) currently owned by Kanzaki Kokyukoki Manufacturing Company ("Kanzaki"). On August 25, 1993, TTC filed civil action number 93–416 ("416") against Sauer seeking a declaratory judgement of invalidity and non-infringement of Sauer's patents Nos. 5,211,077 and 5,218,886 (the '077 and '886 patents). (416–D.I. 1)

Presently before this Court are two motions. The first is a motion to transfer the 414 action, as between SAS, Sauer, and TTC and, in the alternative, to stay the entire case. (414–D.I. 25) The second is a motion by Sauer to transfer the 416 action to the United States District Court for the District of Iowa. (416–D.I. 14) Both motions are based on the ground that these cases are duplicitous of an action already filed in the Iowa district court by Sauer.

## II. BACKGROUND

TTC is a Tennessee corporation with its principal place of business in Tennessee. TTC is the licensee of the '209 and '748 patents. It is owned by Kanzaki, Deere & Company ("Deere"), and Yanmar, USA. Yanmar USA, like Kanzaki, is a wholly owned subsidiary of Yanmar, a Japanese company. (416–D.I. 42 at 4, 26, 29) SAS and Sauer are Delaware corporations with their principle places of business in Ames, Iowa. Hydro–Gear and HGLP are manufacturers of the products that are alleged to infringe on TTC's patents. Hydro–Gear is incorporated in Delaware; both Hydro–Gear and HGLP have offices in Illinois. Hechinger is a Delaware corporation, headquartered

in Maryland, which distributes the lawn mowers which contain the allegedly infringing Sauer product. (414–D.I. 38 at 6; 416–D.I. 42 at 28)

On May 19, 1993, prior to the filing of the actions now before the Court, Sauer filed a patent infringement action in the district of Iowa against Kanzaki. Also a defendant in that action is Deere, a customer of TTC, and B & W Co. ("B & W") a local distributor of Deere's products. (416–D.I. 42 at 5; D.I. 26 at 5) These actions allege infringements of Sauer's '077 and '886 patents. (414–D.I. 38 at 1–2) Sauer moved to amend its complaint in the Iowa action after TTC filed this action. Currently pending in the Iowa action are: 1) a motion by Sauer to add as plaintiffs Hydro–Gear, HGLP, SAS, and Hechinger; 2) a motion by Sauer to add as a defendant TTC; 3) a motion by Sauer to add a claim for a declaratory judgement that Sauer is not infringing on TTC's patents at issue in this litigation; and 4) a motion by Kanzaki to dismiss for lack of personal jurisdiction. TTC adds that should it be joined as a defendant it likewise will move to dismiss for lack of personal jurisdiction. (414–D.I. 38 at 2, 3)

## III. DISCUSSION

In the 414 action, SAS and Sauer seek to sever themselves from the other defendants and transfer this case to the District of Iowa. In the alternative, they seek to have this Court stay the current proceedings until the Iowa action has been resolved. (414–D.I. 26 at 1) They allege that Kanzaki has tried to avoid consolidating all issues in Iowa by having its licensee and subsidiary sue the defendants in Delaware. In the 416 action, Sauer seeks to transfer the case to Iowa or, in the alternative, to stay the case. (D.I. 15 at 1)

### A. Motion to Transfer

■ Title 28, Section 1404(a) provides: For the convenience of the parties and the witnesses in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The preliminary question facing the Court in a motion to transfer is whether the transferee district is one in which the action "might have been brought." *Minstar, Inc. v. Laborde,* 626 F.Supp. 142 (D.Del.1985). As to this question the Court has no discretion. *Id.* However, if the Court finds that the transferee district is one in which the action could have originally been brought, the Court must determine whether transfer to that district would be proper.

■ In doing so, the Court must examine the three remaining statutory criteria: 1) convenience to parties; 2) convenience to witnesses; and 3) interest of justice. *Id.* at 145; *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.,* 775 F.Supp. 759, 762 (D.Del.1991). "Because plaintiff's choice of forum is accorded substantial weight, the burden is on the defendants to establish that the balance of the convenience of the parties and witnesses **strongly** favors the defendants." *Bergman v. Brainin,* 512 F.Supp. 972, 973 (D.Del.1981) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3rd Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971)) (emphasis added). In this analysis the Court has broad discretion. *Waste Distillation,* 775 F.Supp. at 762. Indeed, section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988).

### 1. Only one of these actions could have been brought in the United States District Court for the District of Iowa

■ Of the two actions currently pending before this Court, Sauer claims that both could have been brought in the District of Iowa. In reference to the 416 action, the defendants claim, and the Court agrees, that this declaratory judgement action could have been brought in the District of Iowa because it is against only one defendant, Sauer, whose principle place of business is in Iowa and venue is proper. (416–D.I. 15 at 6)

■ As to the 416 action, there is no dispute that the action as presently configured

could not have been brought in Iowa because personal jurisdiction does not exist as to Hechinger and Hydro–Gear. In contrast, since all of the defendants are incorporated in Delaware, Delaware is an appropriate forum for such a suit. (414–D.I. 38 at 5)

Defendants claim that as against **"at least Sauer and SAS,"** the 414 action could have been brought in Iowa. (414–D.I. 26 at 6) Defendants go on to argue that the only reason plaintiffs joined Hydro–Gear and Hechinger is to prevent transfer. When such is the case, they argue, the remaining non-transferable parties' action should be stayed while the action against the transferable parties should be transferred. In the alternative, defendants suggest that because Hechinger and Hydro–Gear are now willing to be joined as plaintiffs in the Iowa action, this case can be treated as an appropriate candidate for transfer to Iowa. (414–D.I. 26 at 7)

The defendants' position is without merit. "The Supreme Court has held that the power of transfer under § 1404(a) does not depend upon the wish or waiver of the defendants and concluded that defendants may not establish venue in a transferee district by merely waiving possible objections to venue." *Magee v. Essex–TEC Corp.*, 704 F.Supp. 543, 546 (D.Del.1988) (citing *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)). To claim that the transferee district is an appropriate one based on the willingness of some parties to transfer there, although the transferee district does not have jurisdiction over them, is a misstatement of the law.

■ Furthermore, the plaintiff's choice of a forum is paramount. *Critikon Inc. v. Becton Dickinson Vascular Access*, 821 F.Supp. 962, 964 (D.Del.1993); *Waste Distillation*, 775 F.Supp. at 762; *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1436 (D.Del.1989). The defendants are correct to point out that such deference to plaintiff's choice of forum applies when plaintiff has chosen its "home turf" as the forum for the lawsuit. " 'Home turf' has been defined as the forum closest to [plaintiff's] home in which plaintiff could affect personal jurisdiction over the principle defendant." *Kirschner Bros. Oil, Inc. v.*

*Pannill*, 697 F.Supp. 804, 806 (D.Del.1988). Delaware and Iowa are equidistant from Tennessee. However, TTC could not obtain jurisdiction over all the defendants in Iowa. Therefore, Delaware may be considered the plaintiff's "home turf."

Even if this forum were not the plaintiff's "home turf," its choice of forum is still paramount. The defendants incorrectly imply that once it is determined that the forum is not the home turf of the plaintiff, then no more deference shall be given to that choice.

> While transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its 'home turf' or a forum where allegedly wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendant to show the balance of convenience and the interests of justice weigh strongly in favor of transfer.

*In re ML–Lee Acquisition Fund II, L.P.*, 816 F.Supp. 973, 976 (D.Del.1993) (emphasis added).

Thus, while it may be true that a plaintiff's choice of forum deserves less deference under the circumstances at bar, the defendants have incorrectly dismissed the fact that their decision to incorporate in Delaware demonstrates a legitimacy to the plaintiff's choice to sue them here. The deference to the plaintiff's choice will still apply, even when not the plaintiff's "home turf," when the plaintiff has chosen the forum that is not its "home turf" for some legitimate reason.

> Courts will not blindly prefer the plaintiff's choice of forum. The forum must reflect the plaintiff's rational and legitimate concerns. The movant's burden is easier when the plaintiff has not brought suit on its home turf because the interest in litigation in a convenient forum is reduced.... However, it is sufficient that the forum is near the plaintiff's place of business and/or that it is consistent with the plaintiff's legitimate concerns.

*Waste Distillation*, 775 F.Supp. at 764. In the case at bar, plaintiff argues that because its choice-of forum does reflect some legitimate concerns, its choice should still be given

deference. Plaintiff argues that it chose Delaware because this District was the only jurisdiction in which plaintiff could obtain jurisdiction over all the defendants.[1]

In *Waste Distillation* the court accepted similar reasoning and denied the defendant's motion to transfer. 775 F.Supp. at 765. In that case the plaintiffs attempted to file in their "home turf" but were rejected because of lack of personal jurisdiction over the defendant. The plaintiffs in *Waste Distillation* also argued that they chose Delaware because it was a more convenient alternative than the defendant's "home turf" of California. *Id.* These concerns were legitimate enough to deny transfer. While *Waste Distillation* presents a somewhat more dramatic case than the one at bar, its reasoning applies to the facts at bar.

Additionally, "[t]his Court rejects the assumption that 'lack of doing business' here makes it unfair that the case is here. [Defendant] is a Delaware Corporation ... and as a corporate citizen of Delaware, both the corporation and its managers must anticipate the possibility of being hauled into court here." *Waste Distillation*, 775 F.Supp. at 766.; *see also Critikon*, 821 F.Supp. at 965 ("The fact that [defendant] incorporated in Delaware should not be regarded lightly. By incorporating in Delaware it can be assumed that [defendant] desired the benefits it believed Delaware provides.... [Defendant] chose Delaware as its legal home and should not now complain that another corporation has decided to sue [it] there.") Given these legitimate concerns, the plaintiff's choice is paramount.

## 2. Convenience of Parties and Witnesses

▮ As a preliminary matter is should be noted that, in regard to the convenience of both parties and witnesses, this district has acknowledged that these factors are somewhat antiquated. Technological changes have made an already high burden on the moving party, to show that the factors strongly favor transfer, even higher. *See Wesley–Jessen Corp. v. Pilkington Vision-*

*care, Inc.*, 157 F.R.D. 215, 218–19 (D.Del. 1993).

Both plaintiff and defendants put forth compelling arguments as to why their choice of forum is more convenient for them. The position of defendants is most revealing in their brief where they state, "[t]ransferring this case to Iowa would not be any more inconvenient to TTC than trying the instant case in Delaware. On the other hand, the burden on the defendants would be substantially reduced should the litigation be tried in Iowa." (D.I. 26 at 10) This simply does not meet the burden of establishing factors which strongly favor transferring the case. If the transfer merely shifts the inconvenience from the plaintiff to the defendants, the motion should not be granted. *Bergman*, 512 F.Supp. at 973; *Waste Distillation*, 775 F.Supp. at 765. "[U]nless the balance of convenience of parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail." *Waste Distillation*, 775 F.Supp. at 762 (emphasis in original).

Concerning convenience to the witnesses, the defendants also fail to meet their burden. Again, they argue that because their witnesses are only thirty five miles away from Des Moines, Iowa, it is a much more convenient forum for them. They also claim that since the plaintiff's home forum is in Tennessee, it will be equally inconvenient to the plaintiff's witnesses to go to either Iowa or Delaware. The plaintiff, however, has submitted affidavits stating that for the witnesses from Tennessee and Japan, Delaware is a more convenient forum. They claim that because their counsel is located in Washington, D.C., their travel must include a trip there, and as such it is more convenient to travel from Washington, D.C. to Wilmington, Delaware than to Des Moines, Iowa. The witnesses from Hechinger are located in Maryland or Delaware and, therefore, Delaware is a more convenient for them.

Given the above discussion, defendants have failed to demonstrate that the balance of convenience strongly favors transfer. *See Critikon*, 821 F.Supp. at 964; *ML–Lee*, 816 F.Supp. at 976.

(414–D.I. 38 at 13).

---

1. Plaintiff also claims, although without support, that some infringement occurred in Delaware.

### 3. Interest of Justice

■ This factor is the most significant of the three. *Pall Corp. v. Bentley Laboratories, Inc.,* 523 F.Supp. 450, 453 (D.Del.1981). Both parties make several arguments concerning the cost of this litigation, access to proof, availability of compulsory process, and economic use of judicial· resources. When examining the interest of justice, "[t]he defendants are not required to make a positive showing on this point although a positive showing by plaintiffs might· be determinative." *Bergman,* 512 F.Supp. at 974.

Here it is the plaintiff who has made a positive showing, rather than the defendants. First, and most compelling, plaintiff argues that injustice would occur if this case were to be transferred to Iowa. According to plaintiff, defendants would have been unable to sue TTC in Iowa because of the lack of personal jurisdiction over TTC in Iowa. By transferring the case to Iowa, therefore, this Court would not only be disregarding the plaintiff's choice of forum, but would be forcing TTC to litigate in a forum where TTC could not have been sued in the first instance.

Secondly, TTC makes a compelling argument for the speed of the litigation. The case here in Delaware has been scheduled for trial and discovery is underway. All the relevant parties are here and participating in the litigation. The situation in Iowa seems quite different. While a trial date has been set, neither party at oral argument seemed to suggest that that was a dependable date. · (416–D.I. 42 at 10, 49) Similarly, several pending motions in that case raise questions as to whether that case will ever be assembled with all the parties relevant to this litigation. In short, the case is progressing routinely in Delaware, while in Iowa there are possibilities of delay at every turn. Justice requires a prompt resolution to disputes; in this case, justice favors resolution in Delaware.

■ Defendants focused a great deal of their oral argument on the "first to file" doctrine, arguing it as another reason to transfer this proceeding.· This Court has found no convincing authority in support of defendants' position.. While the Court may consider priority in filing when a plaintiff has filed a case in another district to avoid filing a compulsory counter claim in the first action,. such blatant forum shopping did not occur here because TTC was not a party in the Iowa litigation. *See Bell Telephone Laboratories v. International Business Machines,* 630 F.Supp. 373 (D.Del.1984). The "first to file" doctrine is a doctrine applicable to a motion to stay and, therefore, will not be considered in connection with defendants' motion to transfer.

### B. Motion to Stay

■ Defendants also move, in the alternative, to stay both proceedings here in Delaware until a resolution is reached in Iowa. The defendants primarily base this motion on the "first to file" rule. *See Kahn v. General Motors Corporation,* 889 F.2d 1078 (Fed.Cir. 1989). The rule "gives the court 'the power' to enjoin the subsequent prosecution· of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 971–972 (3rd Cir.1988). Defendants correctly assert that the general rule allows for priority to the first filed suit, however, they incorrectly assume the rigidity of said rule.

> That authority, however, is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. District courts have always had discretion given appropriate circumstances justifying departure from the first filed rule.

*Id.* at 972. The Third Circuit has rejected defendants' argument that a district court must stay the second filed action without regard to the circumstances of the case. *Id.* ·at 976. "[T]he first-to-file rule normally serves a purpose of promoting efficiency well and should not be disregarded lightly. Circumstances and modern judicial reality, however, may demand that we follow a different approach from time to time...." *Church of Scientology of California v. United States Department of the Army,* 611 F.2d 738, 750 (9th Cir.1980).

Such circumstances exist in this case. A recognized reason to depart from this rule

exists when the second filed case has developed more rapidly than the first. *Id.* at 749–750; *Orthmann v. Apple River Campground,* 765 F.2d 119 (8th Cir.1985). The case at bar presents such a situation. The case in Iowa is far from progressing rapidly. Currently pending before it are several motions, including a motion to dismiss from Kanzaki for lack of personal jurisdiction and a motion to add the plaintiff in this litigation as a defendant. While a trial date has been set by the Magistrate Judge in Iowa, neither party during oral argument expressed the belief that that was a reliable date. (416–D.I. 42 at 10,49) Here in Delaware, a firm trial date has been set and discovery is proceeding without delay.

The first-to-file rule should be followed unless "there are other factors of substance" which indicate that the balance of conveniences supports proceeding first in the latter filed district. *Mattel, Inc. v. Louis Marx,* 353 F.2d 421 (2d Cir.1965). "[F]undamental fairness dictates the need for fashioning a flexible response to the issue of concurrent jurisdiction.... Under this standard a court must act with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *E.E.O.C.,* 850 F.2d at 977. The Court, then, is not only concerned with the difference in progression between the two cases, but also with the prospect that a stay of this action will force the plaintiff to litigate its claims in a forum in which defendants could not have obtained jurisdiction over TTC.

The Court finds that it is fundamentally unfair to stay litigation that has proceeded further than another previously filed action, particularly when in that previously filed action TTC is not even a party or seemingly

subject to personal jurisdiction. This case is inapposite to *Kerotest Manufacturing Company v. C–O–Two Fire Equipment.* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952). In *Kerotest* the plaintiff in the latter filed action had since been joined as a defendant in the prior filed action. Here, no such joinder has occurred.

If, closer to trial, the case in Iowa is ready to proceed and in such a form as to address the issues presented in this litigation, then this Court will reconsider its decision not to stay this action. However, at this point the interests of justice[2] require this Court to consider the special circumstances of this case and decline to stay this latter filed suit.[3]

## IV. CONCLUSION

For the reasons stated, defendant's motion will be denied. An Order consistent with this Memorandum Opinion shall issue.

---

2. Discovery would proceed in much the same manner even if the Delaware cases were stayed. Therefore, the parties are not exposed to duplicative and costly proceedings at this stage of the litigation in the absence of a stay.

3. The plaintiff argues that this case falls directly within the exception to the first-to-file doctrine: the customer suit. "If patentee's declaratory judgment suit against a customer is brought in a district where the manufacturer cannot be joined, then the manufacturer is permitted to

simultaneously prosecute a declaratory action against the patentee elsewhere." *Kerotest,* 342 U.S. at 185, 72 S.Ct. at 222. Although plaintiff is correct in acknowledging that it is quite likely that Kanzaki will be dismissed from the Iowa suit for lack of jurisdiction, it is still currently a party. Therefore, to label it a customer suit is misleading. However, should the Iowa case significantly change in that regard, that, too, will be considered by the Court if this issue arises again closer to the trial date.